NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SASHA DIAZ,

    *Plaintiff*,

v.

COMMISSIONER OF SOCIAL SECURITY,

    *Defendant*.

Civ. Action No. 11-4507 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I. Introduction**

This matter is before the Court on a motion for reconsideration and for a stay of execution of the Court's judgment (D.E. 20), and a motion for a stay of plaintiff's motion for fees (D.E. 21), both brought by the Commissioner of Social Security ("Commissioner"). For the reasons that follow, the motion for reconsideration is denied and the motion for a stay is terminated as moot.

**II. Procedural History**

On July 12, 2007, plaintiff Sasha Diaz filed a complaint challenging the Commissioner's decision that she was not entitled to Disability Insurance Benefits under Title II of the Social Security Act and Supplemental Security Income Benefits under Title XVI of the Social Security Act. On September 3, 2008, Judge Stanley R. Chesler issued an opinion concluding that "the ALJ's reasoning and conclusions at steps one through three of the five-step analysis were supported by substantial evidence," but that "the ALJ failed to properly analyze the evidence and

1

explain his [residual functional capacity ("RFC")] determination and his conclusion at step four of the five-step analysis." *Diaz v. Astrue*, No. 07-3220, 2008 WL 4104564, at *10 (D.N.J. Sept. 3, 2008). Accordingly, Judge Chesler reversed and remanded the ALJ's decision "for reconsideration of the RFC determination, step four of the five-step analysis, and, if necessary, step five of that analysis. The ALJ's underlying conclusions as to step one through three need not be reconsidered." *Id.*

On remand, the ALJ again denied benefits. (*See* Notice of Decision, dated May 15, 2009, appended to AR 199.) On August 3, 2011, Diaz commenced the present action to challenge the new determination that she was not entitled to benefits. The Commissioner took the position that the Court should remand the case back to the ALJ once again because the ALJ failed to make explicit findings on the severity of Diaz's gender identity disorder, learning disorder, and anxiety disorder. (D.E. 10.) Diaz argued that the Court should reverse outright on the record before it. (D.E. 11.)

On July 16, 2012, the Court conducted oral argument. (D.E. 15; *see also* D.E. 18 (transcript).) At the conclusion of argument, the Court held that Diaz established her disability through vocational testimony, reversed the denial of benefits, and remanded the case for calculation of benefits. The Court memorialized its holding in an order the next day. (D.E. 17.)

On July 27, 2012, Diaz filed a motion for attorney's fees, which remains pending. (D.E. 19.) On August 9, 2012, the Commissioner filed the present motions for reconsideration and for a stay of Diaz's motion for attorney's fees. (D.E. 20, 21.)

**III. Standard of Review**

The Commissioner asks this Court to either reconsider its Order of July 17, 2012 pursuant to Local Rule 7.1(i), or alternatively to alter or amend the Order pursuant to Federal

Rule of Civil Procedure 59(e).  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion . . . to alter [or] amend a judgment."  *Venen v. Sweet*, 758 F.2d 117, 122 (3d Cir. 1985).  Consequently, instead of Federal Rule of Civil Procedure 59, Local Civil Rule 7.1(i) governs motions for reconsideration filed in the District of New Jersey, and it is under the provisions of Rule 7.1(i) that the Court will address the Commissioner's motion. *Cf. Bryne v. Calastro*, No. 05-068, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006) (Cavanaugh, J.).

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985); *see also P. Shoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) (Walls, J.); *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (Linares, J.).  Reconsideration of a judgment after its entry is an extraordinary remedy, and motions to reconsider are granted "very sparingly." *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, J.); *accord Damiano v. Sony Music Entm't, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1997) (Simandle, J.).

Local Civil Rule 7.1(i) provides that a party filing a motion for reconsideration must file "a brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked."  A court may grant the motion for any of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (Lechner, J.) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)); *Carmichael v. Everson,* Civ. No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (Cavanaugh, J.).  A motion for reconsideration used "to ask the Court to rethink

what it had already thought through—rightly or wrongly," is improper. *Ciba-Geigy Corp. v. Alza Corp.,* Civ. No. 91-5286, 1993 WL 90412, at *1 (D.N.J. Mar. 25, 1993) (Wolin, J.) (citing *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.,* 744 F. Supp. 1311, 1314 (D.N.J. 1990), *rev'd on other grounds*, 989 F.2d 635 (3d Cir. 1993)). "Local Rule 7.1 . . . does not contemplate simple re-litigation of issues already decided." *Interfaith Community Org. v. PPG*, 702 F. Supp. 2d 295, 317 n.3 (D.N.J. 2010) (Greenaway, J.); *see also In re Gabapentin Patent Litig.*, 432 F. Supp. 2d 461, 463 (D.N.J. 2006) (Lifland, J.) ("Local Rule 7.1(i) governing reconsideration does not contemplate a recapitulation of arguments considered by the court before rendering its decision."). Thus, a party "must show more than a disagreement with the court's decision." *Panna v. First Trust Savings Bank*, 760 F. Supp. 432, 435 (D.N.J. 1991) (Brotman, J.).

**IV. Discussion and Analysis**

The Commissioner presents three arguments in support of his motion for reconsideration. First, he "maintains his position that remand for re-evaluation of all the steps in the sequential evaluation was required in this case as a matter of law." (Br. Supp. Mot. Recons. 7.) Second, he argues that the Court erred in awarding benefits based on the hypothetical provided by the vocational expert because that hypothetical was not supported by evidence in the record. (*Id.* at 8.) Third, he argues that contrary to the Court's holding, neither the ALJ's decision nor the Commissioner's motion for remand ran afoul Judge Chesler's earlier remand order. (*Id.* at 12.)

The Commissioner has not made the showing necessary to prevail on a motion for reconsideration. Overall, the Commissioner's brief merely repeats arguments made in his prior written submissions and at oral argument. That the Commissioner does not agree with the Court's conclusion is an improper basis for a motion for reconsideration. The Court will not rethink what it has already decided absent an intervening change in the controlling law, new

evidence that was previously unavailable, or a demonstration that reconsideration is necessary to correct a clear error of law or prevent manifest injustice.

The Commissioner's arguments are generally premised on the theory that the Court erred when it interpreted Judge Chesler's opinion as confining the ALJ's decision on remand to just the fourth and fifth steps. The Commissioner contends that the proper course of action is for this Court to remand for a complete reevaluation of all five steps.

As authority, the Commissioner relies on *Thomas v. Commissioner of Social Security Administration*, 625 F.3d 798 (3d Cir. 2010). But if read in the way the Commissioner interprets it, the case would support precisely what is forbidden: a "*post hoc* rationalization" of earlier ALJ findings. As noted above, Judge Chesler's opinion was clear as to where it found error:

> This Court has reviewed the ALJ's decision and the record it is based on. In summary, the ALJ examined the limited medical records within the record and Plaintiff's subjective complaints of pain and reports of her conditions concluding that Plaintiff retained the residual functional capacity to perform her past relevant work. Although the ALJ's reasoning and conclusions at steps one through three of the five-step analysis were supported by substantial evidence, the ALJ failed to properly analyze the evidence and explain his RFC determination and his conclusion at step four of the five-step analysis. As such, the ALJ's decision is reversed and remanded for reconsideration of the RFC determination, step four of the five-step analysis, and, if necessary, step five of that analysis. The ALJ's underlying conclusions as to steps one through three need not be reconsidered.
>
> *Diaz*, 2008 WL 4104564, at *10.

In the conclusion to his opinion, Judge Chesler further stated:

> [T]his Court reverses the Commissioner's decision and remands for further consideration and a more detailed treatment of the evidence as to the RFC determination, step four, and, if required, step five of the five-step analysis outlined in 20 C.F.R. § 404.1520.
>
> *Id.*

5

What bears noting here is, first, that the Commissioner did not move for reconsideration or appeal Judge Chesler's confining the remand to "further consideration and a more detailed treatment of the evidence as to the RFC determination, step four, and if required step five…." Why didn't that happen if the law is as clear as the Commissioner argues it is? And second, while Judge Chesler found that the ALJ's reasoning and conclusions through step three were based on substantial evidence, he also found that the ALJ failed to properly analyze the evidence and explain his RFC determination and his conclusion at step four of the five-step analysis. A fair reading of these findings is that in step four, the ALJ improperly analyzed evidence and did not explain his RFC determination, notwithstanding the existence of substantial evidence for making the conclusions in the first three steps.

The Commissioner's position goes beyond a misinterpretation, or at a best strained reading of what Judge Chesler ruled. He fails to consider what *his own* determinations have been about the ALJ's consideration of the evidence ― that it was flawed and the ALJ failed to evaluate the severity of Plaintiff's gender identity disorder, learning disorder not otherwise specified, rule out borderline intellectual functioning, and anxiety disorder. The Commissioner also contended that the matter should be remanded so that the ALJ could fully discuss Plaintiff's complaints of pain related to her kyphosis. (*See* Br. Supp. Mot. Recons. 5.)

What one does with this potpourri of "fixes" required by Judge Chesler and now the Commissioner is to focus on the final two steps and decide: what limitations are imposed on Diaz by her medical impairments, and are there jobs in the national economy that she can nonetheless perform? This is exactly what Judge Chesler wanted done, and this is what this Court (and the Commissioner) found was not done properly by the ALJ. To argue now, as the Commissioner does, that yet another ALJ has the authority to delve into the evidence at every

6

step is an unfortunate and painfully obvious effort to give the Commissioner one more chance to deny benefits.  The proof of this is in the weakest part of his brief, where the Commissioner rejects this Court's finding that the third hypothetical the ALJ posed was in fact the correct framing of plaintiff's limitations.

      That question was:  did jobs exist in the national economy for an individual with plaintiff's vocational profile who was restricted to sedentary work, that involve no contact with the public and minimal contact with co-workers and supervisors, and simple, repetitive tasks, although not for at least one-third of the work day due to the effects of depression?  The vocational expert answered that there were not.  This Court ruled that substantial evidence in the record supported that hypothetical, and contrary to the Commissioner's argument in his brief that the ALJ was merely being polite and accommodating plaintiff in asking it, the Commissioner himself demonstrated why the hypothetical was accurate when he rejected the ALJ's decision because it did not evaluate the severity of Diaz's gender identify disorder, her anxiety disorder, her learning disorder and whether or not she exhibited borderline intellectual functioning, and further did not fully discuss her complaints of pain related to her kyphosis.   Findings in plaintiff's favor on any one of these conditions support the limitation on the extent of the work day she could put in performing the simple, repetitive tasks in the RFC, and there is substantial evidence in the record supporting the impact of each on her ability to sustain a work effort consistent with the demands of the workplace.

      The Commissioner asks this Court to focus instead on the findings and limitations noted by Drs. Gupta and Baharlias.  Neither individually nor together do their reports amount to medical evidence that opines on or examines Diaz about her gender identify disorder, her anxiety disorder, her learning disorder, or her intellectual functioning; were that so, the Commissioner

7

would not be seeking the remand. But Dr. Gupta does come close where he noted that Diaz's generalized anxiety and depression might interfere in her job and contact with people. Her testimony at the hearing after Judge Chesler's remand echoed poignantly this observation in the following exchange:

> Q: How is, how does [depression] effect [sic] you on a day to day basis, the depression and so forth? How does that, in other words, how would that effect [sic] your ability to go to work and let's say go back and get one of your sales jobs or go back and get one of your factory jobs you did and how would that effect [sic] you in, in going to work every day and doing the work?
>
> A: Well, normally I, I use[d] to go to treatment for depression, that's something that's always been in my childhood. Now it's even, it's worse then [sic] ever because not only do I have my disability from my back but I also have the, the implant, which enables me to move around, I'm in constant pain all day, every day. I have so many issues that I deal with, I, I can't really face the world out there, I feel like everybody's constantly looking at me. I, I'm not able to, to concentrate, I lose focus really fast.
>
> (Tr. of Hrg. Of June 9, 2006, at 17, appended to AR 156, 174.)

On the specific issue of coping with her gender identity in everyday interactions, she further explained:

> I have to pretty much, I feel like if I go out I have to pound on the makeup, I have the 5:00 shadow, I have the beard, there's so many, so many issues. Like my nose, I just like I really am very young. I'm, I'm fearful, I know that everybody knows, people comment, that stresses me out, about my gender knowing that I'm a male. In actuality I feel, I feel pretty much trapped in my own body, I feel like I, there's no way out. I stress, I'm in constant stress constantly.
>
> (*Id.* at 20, appended to AR 156, 177.)

Drs. Gupta and Bahalaris's reports do not disturb this Court's finding in its bench decision that the ALJ's first two hypotheticals did not properly set forth Diaz's limitations, and that the third

one did. Therefore, the Commissioner failed to meet his burden at step five, thus requiring reversal and payment of benefits.

The Commissioner seeks refuge in Third Circuit precedent in this attempt to obscure the dispositive portion of the record and blow wide open the prior history of this case. In so doing, however, the Commissioner oversimplifies and broadens the content of what the Third Circuit announced in *Thomas*. There, elaborating upon its earlier decision in *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112 (3d Cir. 2000), the court explained that "the purpose of *Burnett* is not to require a formulaic process that must be adhered to on remand, but rather to ensure that the parties have an opportunity to be heard on the remanded issue and prevent *post hoc* rationalization by administrative law judges." *Thomas*, 625 F.3d at 800–01. The Commissioner's interpretation would not only permit, but would encourage exactly the type of *post hoc* rationalizations that the *Thomas* sought to eliminate.

The Commissioner's motion for reconsideration is denied.

**V. Motion to Stay**

The Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(a) provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." With the denial of the Commissioner's motion for reconsideration there is no need to stay that motion and it is terminated as moot.[1]

---

[1] The Commissioner's brief in support of the motion for a stay urges the Court to "postpone the August 20, 2012 deadline for the Commissioner to respond." (Br. Supp. Mot. Stay 2.) The Commissioner has misconstrued the briefing schedule. August 20, 2012 is the motion day, not

**VI. Conclusion**

      For the foregoing reasons, the Commissioner's motion for reconsideration is denied and the motion for a stay of the fee application is terminated as moot. The Commissioner's additional request for a stay of the time period for payment of benefits is also moot in light of this decision. An appropriate order will be entered.

August 10, 2012                                                              /s/ Katharine S. Hayden
                                                                                    Katharine S. Hayden, U.S.D.J.

---

the deadline for a response. *See Local Civ. R.* 7.1(c)(1). The opposition brief was due on August 6, 2012. *See Local Civ. R.* 7.1(d)(2) (opposition papers due 14 days prior to motion day). If the Commissioner intends to file a brief in opposition to Diaz's motion for fees, he must submit a letter to the Court requesting permission to file it out of time.